IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-351-3 |
| | : | |
| DEVIN SMITH | : | |

## MEMORANDUM

**Padova, J.**                                                                              **February 28, 2011**

Devin Smith has filed a Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582(c), seeking to reduce his sentence based on the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and Amendment 748 to the United States Sentencing Guidelines. For the following reasons, the Motion is denied.

On October 18, 2006, Defendant pled guilty to Indictment No. 06-351 which charged him with one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count I) and one count of distribution, and aiding and abetting the distribution, of 50 or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Count II). At sentencing, the quantity of drugs involved in the offense -- 61.9 grams of cocaine base -- would have subjected Smith to a base offense level of 30 under § 2D1.1(c)(5) of the United States Sentencing Guidelines. Smith, however, was subject to a statutory mandatory minimum sentence of twenty years on each count, pursuant to 21 U.S.C. § 841(b)(1)(A). At the time of Smith's sentencing, 21 U.S.C. § 841(b)(1)(A) provided that a person who had a prior conviction for a felony drug offense and who was convicted of distributing "(iii) 50 grams or more of a mixture or substance . . . which contains cocaine base . . . . shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." At the time of Smith's sentencing, he had a prior felony drug conviction.

Since Smith was subject to mandatory minimum sentences of imprisonment of 20 years, his Guidelines Sentencing range became 20 years pursuant to U.S.S.G. § 5G1.1(b).

Smith cooperated with the Government, which filed a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) on his behalf. We granted the Government's Motion and departed below the Sentencing Guidelines and mandatory minimum terms of imprisonment. We sentenced Smith to a term of imprisonment of 84 months on each of Counts I and II, to be served concurrently; a total term of supervised release of five years following his release from incarceration; a fine of $3,500; and a special assessment of $200.

Smith asks us to reduce his sentence pursuant to the Fair Sentencing Act and 18 U.S.C. § 3582(c)(2). The Fair Sentencing Act, which was signed into law on August 3, 2010, modified the penalties for distribution of cocaine base contained in 21 U.S.C. § 841(b)(1)(A). The Fair Sentencing Act amended § 841(b)(1)(A)(iii) to make the twenty-year mandatory minimum term of imprisonment applicable to individuals who have a prior felony drug conviction only if they are convicted of distributing more than **280 grams** of cocaine base. See 18 U.S.C. § 841(b)(1)(A)(iii). Consequently, if Smith were convicted of distribution of 61.9 grams of cocaine base today, he would not be subject to the twenty- year mandatory minimum. The Fair Sentencing Act is not retroactive, however, and its amendment of § 841(b)(1)(A)(iii) does not apply to Smith. See United States v. Reevey, ___ F.3d ___, 2010 WL 5078239, at *1 (3d Cir. Dec. 14, 2010) (holding that the Fair Sentencing Act of 2010 may not "be applied retroactively to authorize the District Court to impose a sentence below the prescribed mandatory minimum term in effect at the time the Appellants were sentenced"); see also United States v. Patillo, No. 08-3473, 2010 WL 5018228, at *5 (3d Cir. Dec. 9, 2010) ("[T]he Fair Sentencing Act, which was signed into law some two years

after [the appellant] was sentenced . . . does not apply retroactively." (citations omitted)).

Smith also asks that we reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which

provides as follows:

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*),
> upon motion of the defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, **if such a reduction is
> consistent with applicable policy statements issued by the
> Sentencing Commission.**

18 U.S.C. § 3582(c)(2) (emphasis added). Effective November 1, 2010, the United States

Sentencing Commission promulgated Amendment 748, a temporary, emergency amendment to

U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to unlawful manufacturing,

importing, exporting, or trafficking of cocaine base. See U.S.S.G., Supp. to the 2010 Guidelines

Manual, Amend. 748 (2010). Pursuant to this Amendment, the base offense level for distribution

of 61.7 grams of cocaine base has been reduced to 26. U.S.S.G. § 2D1.1(c)(7).

Section 3582(c)(2), does not apply to Smith, however, because his Guideline sentencing

range was determined by the statutory mandatory minimum terms of imprisonment, not by U.S.S.G.

§ 2D1.1. See United States v. Cordero, 313 F.3d 161, 166 (3d Cir. 2002) (stating that, where the

court grants a motion for departure pursuant to 18 U.S.C. § 3553(e), the statutory mandatory period

of imprisonment is not waived, "[r]ather, it subsumes and displaces the otherwise applicable

guideline range and thus becomes the starting point for any departure or enhancement that the

sentencing court may apply in calculating the appropriate sentence under the guidelines"').

Consequently, Smith's sentence was not "based on a sentencing range that has  subsequently been

lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). He was, instead, sentenced based

upon the statutory mandatory minimum sentences, the extent of his cooperation, the seriousness of his offense, and the other § 3553(a) factors.

Moreover, even if Smith had been sentenced pursuant to the Sentencing Guidelines range then applicable to a defendant who had distributed 61.7 grams of cocaine base, he would not be entitled to retroactive reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), because retroactive reduction of Smith's sentence would not be consistent with the applicable policy statement issued by the Sentencing Commission. The applicable policy statement appears in § 1B1.10 of the Sentencing Guidelines, which provides as follows:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1). Smith seeks reduction of his sentence in accordance with Amendment 748, which does not appear in subsection (c) of § 1B1.10. Consequently, the retroactive reduction of Smith's sentence in accordance with Amendment 748 would not be consistent with the applicable policy statement issued by the Sentencing Commission. Smith thus does not qualify for relief under § 3582(c)(2).

For the foregoing reasons, Smith's Motion for Reduced Sentence is denied. An appropriate order follows.

BY THE COURT:

S/ JOHN R. PADOVA
John R. Padova, J.